This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40417**

**STATE OF NEW MEXICO**

     Plaintiff-Appellee,

v.

**JERRY ARMIJO,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Melissa A. Kennelly, District Court Judge**

Rául Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ATTREP, Chief Judge.**

**{1}** Defendant appeals his conviction for trafficking methamphetamine (possession with intent to distribute). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** **Issue 1:** Defendant continues to claim that the State failed to lay a proper foundation for the testimony of its sole witness, Sheriff's Detective Clayton Moore. [MIO 3; RP 359] "We review an alleged error in the admission of evidence for an abuse of discretion" and will overturn a trial court's evidentiary ruling "only when the facts and

circumstances of the case do not support its logic and effect." *State v. Martinez*, 2007-NMSC-025, ¶ 7, 141 N.M. 713, 160 P.3d 894 (alteration, internal quotation marks, and citation omitted).

**{3}** In this case, two probation and parole officers were conducting a field visit to Defendant's home when they observed evidence of criminal activity and notified the Sheriff's office. [MIO 1] Deputy Leonard Baca arrived at the scene and called Detective Moore, who overheard parole officers telling Detective Baca that they found a methamphetamine pipe, baggies, and alcohol. [MIO 1-2] Detective Moore relied on information from officers at the scene to obtain a search warrant, and he also took part in the execution of the search warrant. [MIO 2; RP 360] His testimony concerned the evidence seized as a result of that search. [RP 359] Defendant claims that Detective Moore's testimony lacked foundation because the two parole officers should have first been called to lay out the chronology of events that preceded Deputy Moore's involvement. [MIO 3, DS 6-7]

**{4}** Because Deputy Moore had personal knowledge of the execution of the search warrant, Defendant's foundation argument is not persuasive. *See* Rule 11-602 NMRA (generally requiring that a witness have personal knowledge of the matter on which they testify). Defendant is basically challenging the validity of the search warrant, claiming that it relied on hearsay and failed to establish the reliability. However, as Defendant concedes, trial counsel did not file a motion to suppress based on any alleged defect in the search warrant. [MIO 4] *See generally* Rule 12-321(A) NMRA (setting forth requirements to preserve an issue for appellate review). Defendant also does not make a claim of plain error that resulted from the admission of this evidence. *See* Rule 12-321(B)(2)(b). In addition, any implied hearsay argument is not persuasive because Detective Moore's reference to the parole officers' statements was admissible to explain the events leading to the seizure of the evidence, and not for the truth of the statements that were referenced. *See* Rule 11-801(C) NMRA (defining hearsay).

**{5}** **Issue 2:** Defendant continues to claim that trial counsel was ineffective. [MIO 7] We will not decide an ineffective assistance of counsel claim on direct appeal unless a defendant makes a prima facie showing that counsel was incompetent and the incompetence resulted in prejudice to the defense. *See State v. Richardson*, 1992-NMCA-112, ¶ 4, 114 N.M. 725, 845 P.2d 819, *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, 267 P.3d 806. A defendant must show that counsel's actions were not simply matters of strategy, and the basis for the claim of ineffective assistance of counsel must be part of the appellate record. *See State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776.

**{6}** Here, Defendant's specific claim is that trial counsel should have filed a pretrial motion to challenge the search warrant. [MIO 7] However, Defendant concedes that this was a strategic decision by trial counsel, who apparently thought that filing such a motion would negatively impact his trial strategy. [MIO 8] As noted above, strategic decisions by trial counsel do not amount to a showing of ineffective assistance. In addition, as Defendant concedes and the record proper corroborates, the challenged

search warrant affidavit is not made part of the record. [MIO 4] As a result, we are not presented with an issue that we will review on direct appeal. *See State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 (stating that "[m]atters not of record present no issue for review"). For the reasons set forth above, we affirm.

{7}     **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**